## CAMPBELL v. WILSON. (No. 9706.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 10, 1921.)

**I. Vendor and purchaser ⊗⟹351(I)—Statutory damages for promise made in bad faith not applicable to action for breach of agreement not alleged to have been fraudulently made.**

Acts 36th Leg. (1919) c. 43, §§ 1-3, as to measure of damages where purchaser has been induced to buy real estate by a fraudulent promise to do some act in the future, *held* not applicable in purchaser's action to recover portion of purchase money paid and special damages for vendor's breach of agreement to make certain improvements, not alleged to have been fraudulently made without the intent to perform.

**2. Vendor and purchaser ⊗⟹351(I)—Application of statute as to damages for vendor's fraudulent representation or promise stated.**

Acts 36th Leg. (1919) c. 43, § 2, as to damages where purchaser has been induced to buy real estate by a false representation of a past or existing material fact or a false promise to do some act in the future not made in good faith, is applicable only when a conveyance of the property has been made and not where there is merely a contract to convey and does not exclude purchaser's common-law right to recover damages for vendor's breach of contract, such as a contract to make certain improvements, irrespective of fraudulent intent.

**3. Evidence ⊗⟹442(6)—Parol testimony admissible where written contract was not complete.**

Where a memorandum was signed by the parties at the time a contract to convey land

was entered into with the understanding that a complete and entire contract was to be subsequently executed, parol testimony was admissible to prove vendor's agreement to make certain improvements.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by L. I. Wilson against R. W. Campbell. Judgment for plaintiff, and defendant appeals. Affirmed.

Marks & Flaherty, of Ranger, for appellant.

John L. Poulter, of Fort Worth, for appellee.

DUNKLIN, J. R. W. Campbell owned a tract of land situated within the corporate limits of the city of Ranger, Texas, which he desired to sell. In order to accomplish that end he divided and platted it into blocks, lots, streets and alleys, and designated it as the Ranger Heights addition to the city of Ranger. One A. P. Howell was employed as his agent to sell the property, and as such agent Howell contracted with L. I. Wilson to sell him one of the lots. The agreed purchase price for the lot was $950, of which amount $25 was paid cash, and Wilson agreed to pay the balance in installments, falling due at different dates. Pursuant to that agreement, Wilson paid an aggregate sum of $650, but declined to make any further payment. Wilson then instituted this suit to recover the $650, the amount so paid by him to Campbell, and also $500 special damages, alleged to have been sustained by him. A judgment was rendered in plaintiff's favor for the $650, the purchase price paid to Campbell, but plaintiff's prayer for special damages was refused, and from the judgment so rendered the defendant Campbell has appealed.

As a basis for recovery, plaintiff alleged that, as an inducement to him to purchase the lot, the defendant, through his said agent, represented that the streets in the Ranger Heights addition would be cleared, graded, and graveled as soon as the work could be done, and that the same had already been begun and would be continued with diligence until completed. According to further allegations, at the time plaintiff agreed to purchase the lot and when he made the first cash payment of $25, a memorandum in writing was signed, evidencing the terms of the sale and the receipt of the cash payment, the defendant agreeing that he would thereafter execute and deliver to the plaintiff his written contract, binding him to make the street improvements mentioned above, but that defendant had failed and refused to execute such contract, and had failed and refused to make said improvements, although plaintiff had demanded the same upon each occasion when he made subsequent payments of the purchase price for the lot. By reason of the failure of the defendant to make such street improvements and his failure to execute his written contract so to do, the plaintiff elected to declare the original contract of purchase at an end and to sue for the amount of the purchase money so paid, and also for $500 additional as special damages.

The case was tried before the court without a jury, and findings of fact were filed by the trial judge sustaining the allegations in plaintiff's petition noted above, and upon those findings judgment in plaintiff's favor was rendered.

Appellant has assigned error to the action of the court in awarding plaintiff damages in the sum of $650, contending that the only measure of damages recoverable by plaintiff was the difference between what would have been the value of the property had the street improvements been made and its value without such improvements; there being an absence of proof or finding by the court of such values. That contention is predicated upon an act of the Legislature approved March 11, 1919. See Acts of Regular Session 1919, page 77, which reads, in part, as follows:

"Section 1. Actionable fraud in this State with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract, provided however that whenever a promise thus made has not been complied with by the party making it within reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason.

"Sec. 2. All persons guilty of fraud, as defined in this act, shall be liable to the person defrauded for all actual damages suffered the rule of damages being the difference between the value of the property as represented or as would have been worth, had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract.

"Sec. 3. All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages, and in addition thereto, all persons knowingly and willfully making such false representations or promises or knowingly taking the advantage of said fraud shall be liable in exemplary damages to the person defrauded in such amount as shall be assessed by the jury, not to exceed double the amount of the actual damages suffered."

[1, 2] That act is not applicable in the present suit for the following reasons: (1) This suit was not based upon any allegations

coming within the purview of that article. (2) The plaintiff's petition contained no allegations that the defendant's agreement to execute a written contract to make the street improvements was made with a fraudulent intent not to perform, but the petition presented a demand for recovery of the purchase money paid and $500 additional as special damages, for the breach of the defendant's contract, and for a rescission of the contract of purchase by reason of the defendant's breach of it. (3) The measure of damages fixed by section 2 of the act has application only when a conveyance of property has been made, and has no application to a suit for breach of contract to convey.

The act did not exclude plaintiff's common-law right to recover the damages awarded to him for the defendant's breach of contract. 1 Black on Rescission and Cancellation, § 196; Id. (2d Ed.) § 688.

[3] According to the testimony of the plaintiff the memorandum signed by the parties at the time the trade was made, evidencing the terms of sale and receipt of the cash payment, was not understood to be the complete and entire contract between the parties, but it was understood and agreed that the final contract was to be later executed, embodying the defendant's agreement to make the street improvements. Appellant's objection to that testimony, on the ground that the instrument could not be added to by parol evidence was not tenable, since the memorandum was not intended by the parties to be the final contract of purchase, and did not purport to be a complete contract. 10 R. C. L. pp. 1024, 1030, 1038.

The judgment of the trial court is affirmed.