## BRANDON et al. v. ANDERSON et al. *
### No. 10454.

Court of Civil Appeals of Texas. Dallas. June 21, 1930.

Rehearing Denied July 26, 1930.

W. H. Graham, of Houston, for plaintiffs in error.

Geo. T. Burgess and John C Read, both of Dallas, for defendants in error.

VAUGHAN, J.

John R. Brandon, Alexander Gordon, and D. W. Waddell, plaintiffs in error, instituted this suit in the court below as plaintiffs against defendants in error, M. E. Anderson, E. V. Mumpower, and three private corporations, Lingo Lumber Company, Davies Construction Company, and Pardue Investment Company, as defendants, on a certificate of assessment against said M. E. Anderson, covering a share of the costs of paving Ash lane, a public street in the city of Dallas, Dallas county, Tex., in front of lot 17 in block 11/1248 in said city, formerly known as lot 11 in block 11, East Side addition to said city, and to foreclose a statutory lien and a mechanic's lien against said property as to all of said defendants, to secure the payment of said paving debt. Plaintiffs in error contended that the liens held by them were superior to the rights of defendants in error. As no question is raised as to the sufficiency of the pleadings of parties, plaintiffs or defendants, further reference to same will not be made for the purpose of developing the scope and effect thereof.

*Writ of error granted.

On January 19, 1928, trial of this cause was had before the court without the aid of a jury, and resulted in judgment in favor of plaintiffs in error against said M. E. Anderson for the sum of $485.16, with 7 per cent. interest thereon from date and all costs of suit, and in favor of defendants in error, denying to plaintiffs in error the foreclosure of either of their asserted liens upon said lot 17, and in favor of defendant in error Mumpower, vacating the liens asserted by plaintiffs in error on said property as a cloud on the title of said Mumpower thereto, and in favor of defendants in error Davies Construction Company and Pardue Investment Company, private corporations, establishing the liens asserted by them respectively to be superior to the liens asserted by plaintiffs in error on said real estate and removing the clouds cast upon the liens of said defendants in error by the liens asserted by plaintiffs in error.

■ By this appeal only one question is presented for our determination, and that upon undisputed facts. The question is one of law upon the facts, and involves a construction of the following provisions of subdivision (i), § 1, of article 10 of the Charter of the City of Dallas, relating to paving, viz.:

"When the hearing above mentioned has been concluded, the board of commissioners shall, by ordinance, assess against the several owners of property and against their property abutting upon the public highway or highways, or part thereof, ordered to be improved, such proportionate part of the costs of such improvements as by said board may have been adjudged against said respective owners and their property. Said ordinance shall fix a lien upon such property and declare the respective owners thereof to be personally liable for the respective amounts to be assessed. * * * The cost of any such improvement assessed against any property owner thereof, together with all costs and reasonable expense in collecting the same, including reasonable attorney's fees when incurred, shall constitute a personal claim against such property owner, and shall be secured by a lien on such property superior to all other liens, claims or titles, except city, county and state taxes, and such personal liability and lien may be enforced either by suit in any court of competent jurisdiction, or by sale in the same manner, as far as applicable, as sales are authorized to be made by the City of Dallas for the nonpayment of taxes. * * * In any suit brought under the provisions of this section, it shall be proper to join as defendants two or more property owners who are interested in any single improvement or any single contract for such improvement; the person or persons who own property at the date of any ordinance providing for the assessment thereof, shall be severally and personally liable for their respective portions of the said assessment.

The lien of such assessments shall revert back and take effect as of the date of the original resolution ordering the improvement, and the passage of such resolution shall operate as notice of such lien to all persons. * * *"

This court finds the following material facts to have been established by undisputed evidence: That on July 28, 1923, the Davies Construction Company acquired title to the property involved in this suit; that some time in July, 1923, Davies Construction Company conveyed said property to Henry Q. Wells; that on July 18, 1924, the city of Dallas passed the resolution ordering the improvement of the street in front of the property involved in this suit; that on July 28, 1924, plans and specifications for such improvement were approved by the city, bids were ordered advertised for, and notice to bidders was published for the length of time and in the manner required by the charter of the city; that on August 25, 1924, contract was awarded to Fuller Construction Company, and on September 5, 1924, contract was executed, along with the construction and maintenance bonds, and on September 8, 1924, said contract and bonds were duly approved; that on January 6, 1925, Henry Q. Wells, by John C. Read, trustee, conveyed to Davies Construction Company said property; that on January 9, 1925, the city of Dallas approved the city engineer's statement and fixed the time and place for a hearing to be given to the owners and others interested, and ordered notice of such hearing to be given; that on March 14, 1925, Davies Construction Company conveyed the property in controversy to M. E. Anderson; that on March 23, 1925, said M. E. Anderson and wife executed a mechanic's lien contract to the said Fuller Construction Company, to secure payment of that portion of the costs of paving Ash lane assessed against the lot involved in this suit; that on June 24, 1925, the city of Dallas passed an ordinance levying $292.42 against M. E. Anderson as the owner of the property involved in this suit, and by section 2 thereof lien was fixed against said property and designated as a first and paramount lien thereon, superior to all other liens, claims, or titles except liens for lawful taxes; that on October 21, 1925, Fuller Construction Company assigned the obligation and liens sued on to plaintiffs in error; that on December 10, 1926, said M. E. Anderson and wife quitclaimed said property to Davies Construction Company; that on January 4, 1927, the title of M. E. Anderson and wife was vested in E. M. Mumpower through foreclosure of deed of trust lien; that prior thereto, on December 13, 1926, Davies Construction Company conveyed said property to E. M. Mumpower; that on June 29, 1925, said city issued to Fuller Construction Company special assessment certificates evidencing the personal liability

of M. E. Anderson and the lien fixed by said ordinance on said property, fixing the time and terms of payment; that all of the proceedings and acts required by the provisions of the charter of the city of Dallas, relating to street improvements, and the ordinance passed for the improvement of Ash lane, were had and complied with by the city from the passage of the resolution to pave said street to and including the issuance of the assessment certificate of date June 29, 1925.

Plaintiffs in error, by their proposition No. 1, viz. "There being no proof in this case that the property involved in this suit was the homestead of any one on July 18, 1924, the date on which the City of Dallas passed a resolution originally ordering the improvement of said street, plaintiffs in error were entitled to a foreclosure of the statutory lien asserted by it as being created by the assessing ordinance passed by the City of Dallas and evidenced by the special assessment certificate sued on, as against the defendants in error in view of the provisions of section (i) of Article 10 of the charter of the City of Dallas, and the fact that M. E. Anderson acquired title to said property after July 18, 1924, and made the property his homestead, if he did so do, cannot affect the right of plaintiffs in error to their statutory lien securing the payment of the obligation sued on," contend that the trial court erred in not foreclosing their liens on the lot involved, as paramount and prior to the liens and claims asserted by defendants in error. Defendants in error counter said proposition as follows: "(a) That the provision in the city charter providing that the lien securing the paving assessment should become fixed and take effect as of the date of the passage of the resolution ordering the street paved is unconstitutional and void as being contrary to the provisions of the Constitution of the state of Texas; (b) that plaintiffs in error's lien did not take effect as to other outstanding lienholders until the filing of the contract mechanic's lien or the passing of the ordinance levying the paving assessment; (c) that the property in question being the homestead of M. E. Anderson, at the time of the execution of the mechanic's lien contract in question and at the time of the passage of the ordinances levying the assessment in question, made the contract mechanic's lien and the paving assessment lien inferior to the vendor's lien existing on the property at the time of the signing of the contract mechanic's lien and at the time of the passage of the ordinances levying the assessment; and (d) that the lien securing a paving assessment does not take effect as to other lien holders until after the completion of the paving in question and the passage of the ordinances levying the assessment."

The several counter propositions urged by defendants in error were directly passed up-

on and decided adversely to them by this court in the case of Smith Bros. v. Lucas, 15 S.W.(2d) 27, and we adhere to our views therein expressed and rely upon same as authority for sustaining the contentions of plaintiffs in error above stated. However, on account of the vigorous attack made by defendants in error upon the constitutionality of the following provision of subdivision (i), supra, "The lien of such assessments shall revert back to and take effect as of the date of the original resolution ordering the improvement and the passage of such resolution shall operate as notice of such lien to all persons," we specifically cite the following authority in support of the constitutionality of same: Storrie v. Houston Street Ry. Co. et al., 92 Tex. 129, 46 S. W. 796, 799, 44 L. R. A. 716. Judge Brown, in his opinion in the above case, made and adopted the following quotation from Elliott on Railroads: "These liens are purely statutory, and their existence, force, and extent depend upon the terms of the statute creating them. Such liens are ordinarily superior to all liens except general taxes, and the authority of the legislature to make them such is firmly established. The assessments being made on the theory that the property is benefited and enhanced in value in a sum equal to the amount of the assessment, no injury can result to other lienholders, such as mortgagees, mechanic lienholders, and the like." To the same effect is the holding in the cases of Farmers' State Bank of Burkburnett v. McReynolds et al. (Tex. Civ. App.) 1 S.W.(2d) 322; Nalle et al. v. Eaves et al. (Tex. Com. App.) 5 S.W.(2d) 500.

Defendants in error plead that the property involved was the homestead of Henry Q. Wells on July 18, 1924, but, as disclosed by the statement of facts, no evidence was offered in support of this plea. Therefore this court must conclude that said property was nonhomestead at the time the resolution was passed, ordering the improvement of Ash lane in front of the property involved in this suit.

■■ Appellees, in their brief, in reference to this situation, present the following request, to be relieved against the effect produced by the absence of proof in support of said homestead plea: "It is true that the defendants in error failed to prove that Henry Q. Wells occupied this as his homestead, but this was not necessary under the holding of the court in the companion case against O. G. Claxton and the holding of the court in this case, and if this court should disagree with the trial court the defendants in error respectfully say that the case should be remanded and the defendants in error given an opportunity to prove that Henry Q. Wells occupied the property as his homestead." This cannot be granted, because this

 

court can only consider the statement of facts to ascertain what evidence, if any, was introduced before the trial court, and a bill of exception, to determine whether or not evidence was offered and excluded upon any issue involved in this cause.

We are therefore of the opinion that the judgment of the trial court should be affirmed as to the personal judgment in favor of plaintiffs in error against defendant in error M. E. Anderson, and reversed and rendered in favor of plaintiffs in error, foreclosing their assessment lien as a paramount and prior lien on said lot 17 as against all of said defendants in error, and that all costs of this and the trial court should be adjudged against defendants in error, and it is so ordered.

Affirmed in part; reversed and rendered in part.