**RISLEY v. McADAMS.**

No. 4788.

Court of Civil Appeals of Texas. Amarillo.

July 10, 1937.

Rehearing Denied Sept. 13, 1937.

R. Y. King, of Clarendon, for appellant.
J. R. Porter, of Clarendon, for appellee.

STOKES, Justice.

This suit was instituted on the 17th of April, 1936, by appellee, Y. O. McAdams, in which he sued appellant, C. L. Risley, upon a promissory note, dated January 7, 1932, due November 1, 1933, in the sum of $230, bearing interest at the rate of 8 per cent. per annum, and providing for 10 per cent. attorney's fee.

The defense offered by appellant was that the note was void because it was executed in payment for an agricultural lease on a farm and certain used farm machinery, consisting of a four-row lister and a four-row cultivator, and that the farm machinery was, at the time, under a valid and subsisting chattel mortgage held by the International Harvester Company. The elements which appellant claims voided the note were that the sale to him of the farm machinery by appellee, while the same was under chattel mortgage, constituted an illegal transaction, and the note, having been given as part of the consideration for a transaction which was in violation of the criminal statutes of the state prohibiting the sale of mortgaged property, was void.

The note sued on was the balance due on a note in the sum of $400, originally executed by appellant to appellee for the agricultural lease and farm machinery, and

at the time the note in suit was executed, appellant paid to appellee the sum of $200 in cash on the original note.

Appellee denied the existence of a chattel mortgage on the farm machinery, and in the view we take of the case, it would seem to be immaterial whether the chattel mortgage was in existence or not. We do not agree with appellant that the original $400 note was void, nor that the note in suit was subject to cancellation on that ground. The most that can be said of appellant's defense to the note is that, if the chattel mortgage was in existence at the time the original note was given, and appellant did not know of its existence, it would have been a fraud upon his rights which would have entitled him to the usual remedies in defense of the note. The law is of long standing to the effect that the rights of rescission or to sue for damages for fraud is waived when the defrauded party enters into a new contract or agreement by which the rights of the parties are adjusted, after he had been apprised of the fraud and with full knowledge of the imposition practiced upon him. Thompson v. Pitts (Tex.Civ. App.) 2 S.W.(2d) 899; Spark v. Lasater (Tex.Civ.App.) 234 S.W. 717; Elliott v. Clark et al. (Tex.Civ.App.) 172 S.W. 560; Miller v. Layne & Bowler Co. (Tex.Civ. App.) 151 S.W. 341.

Assuming that fraud as alleged by appellant had been perpetrated upon him by appellee, he had the right to defend against the original $400 note as long as it remained in the hands of the payee; but when he, with full knowledge of the nature of the transaction and of the facts in connection therewith, paid to appellee $200 on the original note and executed the note sued on in this case for $230, he waived any rights he may have had insofar as the fraud, if any, was concerned.

Granting that appellant had all of the legal rights claimed by him, however, he could not have recovered in this case for the reason that he failed to allege or prove any grounds upon which he would be entitled to recover. There is no allegation to the effect that he was deprived of the machinery, nor that he lost any portion of it by reason of the alleged chattel mortgage existing upon it at the time of the original transaction. If he was entitled to relief, it was a rescission of the contract or an affirmance of the contract and a suit for damages. He did not seek to rescind the contract and failed to allege or prove

any legal element of damages. He did not allege the machinery was wholly without value. His allegations in this regard were that, if it had not been for the chattel mortgage, he could have exchanged the used machinery for new machinery, but the price he could have procured for the used machinery as a trade-in value for new machinery is not alleged, and the proof wholly fails in this respect. If appellant were entitled to damages by virtue of any fraud which permeated the transaction, he was under the obligation both to allege and prove the amount in which he had been damaged, and not having done so, he could not recover. There was no basis for a judgment in his favor. Avery Co. of Texas v. Harrison Co. et al. (Tex.Com.App.) 267 S.W. 254.

Furthermore, it is not shown by the evidence that the used machinery purchased by appellant and for which the note was given was the identical machinery covered by the mortgage to the International Harvester Company, and, even if it were, the record in the case shows that, when the case was tried, appellant still had the machinery and the indebtedness secured by the mortgage had been paid off and satisfied and the mortgage had been released.

We have examined all of the assignments of error presented by appellant, and finding no reversible error in any of them, the judgment of the trial court is affirmed.