**NATIONAL MOVING AND STORAGE, INC., Appellant,**

v.

**Edward N. VARGO and wife, Mrs. Edward N. Vargo, Appellees.**

No. 8390.

Court of Civil Appeals of Texas, Amarillo.

Oct. 15, 1973.

Rehearing Denied Nov. 26, 1973.

Blanchard, Clifford Sims & Kidd, John C. Sims, Lubbock, for appellant.

Gordon Treadaway, Lubbock, for appellees.

ROBINSON, Justice.

This is a damage case growing out of the constructive total loss of household goods belonging to appellees and shipped by carrier pursuant to representation by appellant National Moving and Storage, Inc. that the goods would be delivered in the Virgin Islands by September 1, 1971. The bill of lading was on a form furnished by Northwest Consolidators, Inc. to National Moving and Storage, Inc. Northwest Consolidators, Inc. secured an insurance policy for the account of appellees insuring the goods against damages up to $1,960.00. The goods had not been delivered at the time of the trial on December 4, 1972, and were in Honduras out of the reach of both appellees and appellant.

Appellant moved for judgment notwithstanding the jury verdict on the ground that the trial court submitted an erroneous measure of damages in special issues related to recovery for loss of the use of the goods in question. The trial court denied the motion and entered judgment against National Moving and Storage, Inc., and Northwest Consolidators, Inc., jointly and severally, for $1,960.00 representing the value of the goods as found by the jury, further providing that Northwest Consolidators, Inc. should indemnify National Moving and Storage, Inc. for any of such sum paid by it. In addition, the trial court entered judgment against National Moving and Storage, Inc. for $653.53 representing the value of the loss of the use of the same goods from September 1, 1971, to October 31, 1971. The insurance company has paid to appellees the $1,960.00 for loss of the goods in question. Affirmed in part, reversed and rendered in part.

■ Appellant National Moving and Storage, Inc. did not file a motion for new trial. Where a party's motion for judgment notwithstanding the verdict is denied, he may forego the filing of a motion for new trial and predicate his appeal on the denial of the motion for judgment notwithstanding the verdict. If he follows that course he may not complain on appeal of matters not raised by the motion. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960).

Assignments of error not raised by appellant's motion for judgment notwithstanding the verdict are not properly before this court. The only question properly assigned as error is whether appellees can recover damages for the loss of use of the goods which were never delivered in addition to the value of the goods themselves.

In the case before us, appellee Edward N. Vargo informed appellant at the time of shipment that appellees would be in the Virgin Islands for one year; that the shipment contained clothing and articles for a new baby which appellees were expecting, the usual household goods, books and equipment to be used in his new position as

**454**

an occupational specialist in the Virgin Islands; and that they would need these goods by September 1, 1971.

The trial court found that appellant

" . . . had actual knowledge of the need and necessity that the shipment reach its destination by September 1, 1971, and that it knew or should have known that Plaintiffs would suffer loss and damage if the shipment did not arrive in time; that all of such was in contemplation of the parties mind at the time of the contract . . . ."

The measure of damages at common law for entirely failing to deliver goods is the fair market value at the point of destination with legal interest from the date when the goods should have been delivered. Damages for loss of use may not be recovered. Mo. Pac. Ry. Co. v. Hewett, 2 White and W.Civ.Cas.Ct.App. § 273, 205 (1884); Fowler v. Davenport, 21 Tex. 626 (1858). Where the articles lost are secondhand household goods and clothing, the measure of damages is not market value but is the value to the owner of articles especially adapted to the use of himself and his family. Pecos & N. T. Ry. Co. v. Grundy, 171 S.W. 318 (Tex.Civ.App.—Amarillo 1914, no writ). The right to interest from the date the shipment should have been delivered is waived where the appellee does not assert such right in the trial court. Norris v. Lancaster, 280 S.W. 574 (Tex.Comm'n App., 1926).

Special damages for loss of goods due to negligent delay in shipment are not recoverable unless at the time of delivery to the carrier the shipper gives notice of special circumstances which would result in damages not ordinarily to be contemplated by the parties. Pecos & N. T. Ry. Co. v. Grundy, supra. We cannot agree that the notice given the carrier was notice of anything more than notice of the normal and usual consequence of a failure to deliver goods of the class shipped. As such it does not constitute no-

tice of damages that would not ordinarily flow from loss and cannot serve to vary the common law formula in like cases.

The part of the trial court's judgment decreeing recovery for loss of use is reversed and judgment rendered that appellees take nothing on their claim for loss of use; that part of the trial court's judgment decreeing recovery for the value of the goods lost with interest thereon from date of judgment is affirmed.