**Jimmie R. PHAGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 17494.**

Court of Civil Appeals of Texas, Fort Worth.

April 19, 1974.

Rehearing Denied May 24, 1974.

Beard & Kultgen, and Charles B. Mc-Gregor, Waco, for appellant.

Fillmore, Parish, Martin, Kramer & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is from a judgment of disbarment.

By a special issue verdict Jimmie R. Phagan, who had been licensed by this State to practice law, and who possessed a membership card in the State Bar of Texas, was found to be guilty of professional

misconduct. Verdict of the jury so finding was filed of record on May 11, 1973. On May 25, 1973 a supplemental hearing was held before the court, without a jury, for the purpose of determining punishment. Judgment of disbarment was rendered on May 29th. Written judgment was signed June 13th and filed of record June 14th.

On procedure and authority therefor see Vernon's Ann.Civ.St. 320a–1, "State Bar Act", and Appendix, "State Bar Rules", Article XII, "Discipline and Suspension of Members", and the sections 1 to 28 thereunder.

We affirm.

■ Appellant Phagan advances for the first time on appeal the contention that there was fundamental error by proceedings "when the State was not properly before the court as a party". Prosecution of the proceedings of disbarment was by the State Bar of Texas and no official such as the District Attorney, County Attorney, or Attorney General was participant. Indeed the appellant was, at time of the proceedings, the regularly elected District Attorney. However, because of such failure appellant claims fundamental error because of the nonparticipation of any one of such officials and a consequent unconstitutionality in the proceedings. We overrule the contention.

Article 320a–1, under its Section or Article XII, Appendix, "State Bar Rules", Sec. 23, "Counsel for Prosecution of Disciplinary Actions", provides, in part, as follows: "The Committee may appoint counsel for the prosecution of disciplinary actions. . . . upon request made by the Committee to the District Attorney of the county in which the action is to be tried, it shall be his duty to represent it in such actions, either alone or in association with counsel for the Committee, at the option of the Committee."

Such provisions were ruled upon in Arnett v. State, 304 S.W.2d 386 (Eastland, Tex.Civ.App., 1957, writ ref., n. r. e.). On page 388 Justice Long, for the court, held that the proceeding of disbarment was not actually one in behalf of the public generally. Had the holding been an incorrect statement of the law it would have been unlikely that the Supreme Court would have disposed of the petition for writ of error, subsequently filed, by its notation of "no reversible error".

In Arnett v. State, supra, it was written in connection with the holding: "By his first point defendant asserts the court erred in overruling his plea in abatement based upon the failure of the county attorney, the district attorney or the attorney general of Texas to join as a representative of the plaintiff. We find no merit in this point. In 1939 the Legislature enacted the State Bar Act, Article 320a—1, V.A.C. S., which had for its purpose the regulation of the practice of law. The act created the organization known as the State Bar of Texas composed of the registered, licensed attorneys of the State and constituted it an administrative agency of the judicial department. . . . The primary purpose of the legislature in the enactment of the statute was to protect the public by eliminating from the legal profession those morally unfit to enjoy its privileges. . . ." Following the holding that the proceeding of disbarment was not actually one in behalf of the public generally, with the implication that if it had been the rule might be different, Justice Long found substantial authority for the court's conclusion upon the law in the opinion of Hexter Title & Abstract Co. v. Grievance Committee, etc., 142 Tex. 506, 179 S.W.2d 946, 949, 157 A.L.R. 268 (1944) and language referred to therefrom, despite the fact that the case was one bearing upon propriety of suit by the Grievance Committee to prohibit the unlicensed practice of law. He also cited Brown v. Linkenhoger, 153 S.W.2d 342 (El Paso Tex.Civ.App., 1941, writ refused, want of merit) to the effect that the power of the Supreme Court to make our State Bar Rules should attribute to those rules all the effects of statutes when

properly promulgated and established, and that thereby is to be found that authority to institute and maintain a suit for disbarment of an attorney is vested specifically in the Grievance Committee of the district in which such attorney resides.

Further, complaining for the first time on appeal, appellant advances the contention that there was fundamental error in that the judgment of disbarment showed on its face that in part it was rendered upon inadmissible hearsay evidence not produced as original evidence on trial, but introduced before the Grievance Committee antecedent to the disbarment suit.

█ Although procedure below was by bifurcated trial, i. e. by trial as to all issues save punishment before a jury, with a subsequent hearing and trial before the court alone for the purpose of determining penalty at which the evidence complained of became admitted, our holding is that there was no fundamental error and furthermore not an error about which appellant might complain on appeal for the first time. The error (which for purposes of the question we will treat as existent) was waived by the failure of appellant to complain in his motion for new trial. A motion for new trial was filed, but no assignment of error therein included complaint which appellant now presents to this appellate court. Appellant's right to complain, if existent, was waived. Texas Rules of Civil Procedure, rule 374, "Assignments of Error".

█ By a point of error appellant contends that the trial court erred by admitting evidence that the County Grievance Committee and the District Grievance Committee had found him guilty of the misconduct charge. We find no assignment of error in his motion for new trial as a predicate for the contention. Therefore the complaint is waived. If a complaint was preserved we find from the statement of facts that the error did not occur, and that there was no such evidence. Had there been such and had it been

sought to be introduced it surely would have been evidence as to which appellant would have interposed an objection. We can find no objection which was overruled applicable to evidence of any "finding of guilt" by a Grievance Committee.

By a point of error appellant complains because an affidavit of an attorney by the name of Jimmy Castledine was excluded from evidence. This attorney had formerly represented the plaintiff in a divorce proceeding in which the appellant was the attorney for the defendant husband. It was in connection with his alleged misconduct by a concealment and misappropriation of property of the parties to this divorce proceeding, initially against the interest of Castledine's client and in violation of the court's order, and eventually against the interest of both his own client as well as that of Castledine—and in violation of court order—that disbarment of the appellant was sought to be effected.

Mr. Castledine was alive at time of proceedings before the Grievance Committees, but by time of the trial he had died. There were two tenders of the affidavit into evidence in behalf of the appellant; initially upon the trial before the jury, and subsequently upon the later hearing for purposes of the determination of punishment. It was offered without qualification as to content or without qualification as to purpose for which its admission was desired on both occasions.

We will first consider the occasion of its tender upon the trial before the jury. The plaintiff State, through the State Bar Committee, introduced all its evidence and rested. The appellant/defendant tendered no witness. As part of the State's case appellant had been put on the stand with his testimony developed fully on direct and cross examination. As his defense case appellant merely tendered the affidavit. Then appellant rested his own case. In connection therewith there was a discussion about admissibility of the affidavit by counsel for appellant with the court. At the conclusion of this discussion appellant's

attorney stated, "And in view of the Court's feeling about it, then we will, of course, not tender it in evidence."

■ We deem it apparent that there was no tender. If it be possible that it might be construed to have been there was no bill of exceptions made. A bill of exceptions would be essential to lay the proper predicate for an assignment of error in the motion for new trial. In this case it would be essential that the matter of error be first raised in appellant's motion for new trial. T.R.C.P. 324, "Prerequisites of Appeal"; T.R.C.P. 374, "Assignments of Error"; T.R.C.P. 418, "Briefs: Contents."

We next consider the occasion whereby the Castledine affidavit was tendered upon the hearing upon punishment. There it might be said to have been excluded under circumstances whereby it was made part of the record by a bill of exception. At that stage the contents of the affidavit could have only borne upon the question of punishment. Appellant's guilt was established upon the jury trial and verdict. The jury had been discharged. However, there would be no doubt that it was hearsay.

■ It is apparent that insofar as the affidavit had relation to the guilt or innocence of the appellant of the misconduct relied upon by the State as justification for disbarment it was immaterial and of no importance to the trial court. It was to the guilt, however, that the affidavit was related so denial of its admission would be "harmless error" in any event. But appellant's guilt was by this time established; it had ceased to be a question for determination.

■ On appellant's contention that the affidavit constituted a declaration against interest by Castledine and Castledine's client and as such became admissible as an exception to the hearsay rule we observe that there would have been no proper predicate laid for its acceptance. This was so because it was never shown that at the time Castledine made the affidavit it *then* constituted a declaration against the *then existent interest* of Castledine or his client.

■ Furthermore the exception to the hearsay rule on admissibility of declarations against interest contains the element of "no probable motive to falsify." If the conditions surrounding the making of a declaration against interest do not assure trustworthiness the statement ought not to be admitted into evidence. V Wigmore on Evidence, Third Edition, p. 262, et seq., "Exceptions to the Hearsay Rule", Sub. "Statements of Facts Against Interest", Sec. 1457, "(The Circumstantial Probability of Trustworthiness)—General Principle"; and Sec. 1461, "Statements of Sundry Facts against Interest". Necessarily the trial court passes upon a mixed question of law and fact in making the determination of admissibility of evidence tendered under the exception and where it has the discretion to make the determination of admissibility its exercise of such discretion will not be disturbed in the absence of abuse. In the instant case there was evidence invoking its discretion since assurance of affidavit trustworthiness was not apparent as a matter of law.

On appellant's contention that the affidavit constituted evidence adduced pursuant to prior proceedings and as such became admissible under an exception to the hearsay rule, the premise for the contention lay in the proceedings before the District Grievance Committee which recommended the trial of disbarment. Thereat the Committee received and presumably considered Mr. Castledine's affidavit in the course of the proceedings conducted preliminary to the recommendation. Mr. Castledine was then living but was not summoned by anyone to testify.

In the earlier mentioned State Bar Rules under the Act (320a—1) there is Article XII pursuant to which all relevant proceedings were conducted. Under Art. XII is Sec. 13, "Notices Issued to Witnesses". It provides that in any investigation or hearing before the Grievance Committee it

is empowered to require the attendance of witnesses. The notices are such as might be served officially, and it is directed that such shall be issued at the request of the Committee, or the accused attorney, though in the latter case without expense to the State Bar; obviously at the expense of the accused attorney if he desires testimony before the committee by any such witness.

At the Grievance Committee hearing the appellant, apparently for the first time (though it is obvious that theretofore appellant had notice thereof), demanded that Mr. Castledine be summoned as a witness. Of course, even aside from the matter of expense attendant to the summons for which appellant made no offer to provide, there was the matter of time for Mr. Castledine to appear in obedience to a summons. The Committee was in session and there was no showing of availability of the witness without adjournment of the hearing. The Committee indicated that it would proceed. Mr. Castledine's affidavit was tendered and received and it was apparently taken into consideration by the Committee. It is the contention of appellant that the affidavit qualified as evidence in the prior proceeding before the Committee, and as such was admissible as an exception to the hearsay rule.

■ Before the Committee the affidavit was of course *ex parte*. Treating Castledine as the appellant's witness there was, of course, no opportunity afforded anyone else—or the Committee as the forum—to make inquiry of Castledine by any form of cross examination. It is for that reason, if none other, that the affidavit would not be receivable in evidence upon trial below as testimony of Mr. Castledine. It did not qualify as admissible evidence under the exception to the hearsay rule as evidence in a prior proceeding. VI Wigmore on Evidence, Third Edition, page 39, "Exceptions to the Hearsay Rule", Sec. 1709, "(Affidavits)—Affidavits inadmissible at Common Law; Exceptions Recognized"; 31A C.J.S., "Evidence", part IX, "Former

Evidence", § 390, "Opportunity for Cross-Examination", page 959; McCormick & Ray, Texas Law of Evidence, page 583, "Exceptions to Hearsay Rule—Evidence in Previous Proceedings", Sec. 455 "—The Character of the Trial or Proceeding in which the Former Testimony was Taken" (and in the Second Edition see Vol. 1, page 734, et seq., Sec. 952, et seq.).

After the evidence was concluded, the argument made and the case submitted to the jury written questions were sent out by the jury. They were answered in writing by the court. Eventually, when another question arose the entire jury was brought back into the courtroom and the court proceeded to instruct it orally concerning the special issues and manner in which the jury should arrive at its answers to them. The court reporter was present and reported these proceedings. No objection was made because of what the court was about to do when it was obvious that he would orally instruct the jury, and no bill of exceptions was made because of what was done or said during the period of instruction. To explain: July 11, 1973 the amended motion for new trial was filed, but the stenographer's transcript of the oral instructions by the court was not written up until October 11, 1973, after appellant's motion for new trial had been overruled. The transcript was filed among the papers by the clerk of the court. Nothing therein shows that anything whatever on the part of anyone else present was part of the proceedings themselves or had relation thereto after the occurrence. Nothing thereon is indicative that any bill of exceptions was taken. However, of this appellant complains in the appellate court.

■ We find nothing in what was said or done to have constituted reversible error, but assuming that such was existent it was waived since appellant did not avail himself of a bill of exceptions. By his motion for new trial the appellant assigned error by the trial court "in giving conflicting instructions to the jury during their

deliberations", but nothing in the court's instructions could be construed as conflicting. On the waiver see 3 McDonald, Texas Civil Practice, 1970 Revision, page 206, "Jury Trial: General", Sec. 11.20.2, "(Receipt of Evidence. B. Conduct of the Judge) (II) Comment on Weight of Evidence".

 In the court's charge to the jury there were inquiries relative to six acts by the appellant alleged to constitute professional misconduct. Of these the jury found five to have amounted to such; and of one of them appellant made complaint that there was no evidence to support the finding. That one was the finding that appellant had wilfully commingled and mixed income from certain oil interests in Throckmorton County, Texas with his own private funds without the consent of his client. We have examined the statement of facts and have found that there was evidence raising the issue and supporting the finding thereon returned by the jury. In any event to sustain the contention of appellant in his complaint would avail him nothing. The judgment would still find support by the findings on misconduct in five other respects, and of these no complaint is made.

In his supplemental brief appellant shows that May 29, 1973, date recited in the judgment as that on which it was rendered, the judge of the court was not in Wichita County, but in Fort Worth, and hence the judgment was not rendered "in open court". It is not clear whether appellant seeks some advantage because of this. If it had been error the error was waived. It is not the subject of any assignment or point of error. Furthermore the dates of June 13th when the written judgment was signed and June 14th when it was filed with the clerk of the court in Wichita County are those of materiality. The circumstance could not have afforded appellant any benefit of which he could take advantage in any event. Winton v. Davenport, 275 S.W.2d 725 (Fort Worth Tex. Civ.App., 1955, no writ or other history).

We consider our discussion to cover appellant's entire complaint on appeal. In any event we have considered every point of error by which there has been complaint and overrule all of them.

Judgment is affirmed.