Gary WISE, Appellant,

v.

Frank I. PENA, M. D., Appellee.

No. 1144.

Court of Civil Appeals of Texas, Corpus Christi.

May 19, 1977.

Rehearing Denied June 9, 1977.

Knox Jones, McAllen, for appellant.

Asa V. Bland, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellee.

## OPINION

NYE, Chief Justice.

This is a cause of action for damages for fraudulent misrepresentations in a real estate transaction. Appellee Dr. Frank Pena brought suit in the trial court against Gary Wise, Charles Haywood and John Western for fraudulent misrepresentations regarding the lease purchase of the Queen Isabel Inn in Port Isabel. Trial was to a jury. Upon return of the jury verdict, judgment was entered for Pena against Wise and Western for $27,000.00 actual damages, plus $8,000.00 punitive damages and in favor of Pena and against Haywood for $14,676.00. In addition, the trial court ordered Haywood to convey the real property in question to Pena. Only Gary Wise has perfected his appeal to this Court.

Although there were many disputed issues during the trial, the following is a fair summary of the facts which lead to the litigation now before this Court. In August of 1973, Gary Wise and John Western approached Dr. Frank I. Pena concerning the possible purchase by Pena of the Queen Isabel Inn in Port Isabel. Prior to this meeting, Western had received the consent of John Haywood, the owner of the Inn, to sell the property for $203,000.00, $60,000.00 as a down payment and the assumption of an outstanding Small Business Association loan of $143,000.00. Mr. Western was not a licensed real estate agent or broker. Western then contacted Wise, who was a licensed real estate broker, about a prospective purchaser of the property. Wise suggested Pena for whom he had previously bought and sold property and who was his partner in the ownership of an apartment complex and a grove. At the meeting between Wise, Western and Pena, a schedule of income and expenses was presented to Pena which showed that the property was generating a net income of $37,025.00 per year. It was represented to Dr. Pena, however, that the purchase price of the property was to be $230,000.00 with $87,000.00 as the down payment and the balance to be the assumption of a $143,000.00 S.B.A. loan.

Dr. Pena tentatively agreed to purchase the property at this price, subject to obtaining the necessary financing. At this time the possibility of setting up the purchase as a lease-purchase was also discussed so that Dr. Pena could expense the down payment as rental payment for tax purposes. Dr. Pena quickly arranged for financing of the down payment through the McAllen State Bank. A few days later, the transaction was closed at the office of the Honorable Perry Jones, who was Pena's attorney at that time. Dr. Pena then entered into a lease-purchase agreement with Haywood wherein Pena paid $87,000.00 as a down payment and assumed the $143,000.00 remaining outstanding on the S.B.A. loan. The option portion of the agreement provided that the down payment was to be applied to the purchase price if the option to purchase was exercised within two years.

After the closing of the deal, the $87,000.00 was distributed, $60,000.00 went to Haywood as the down payment and the remaining balance of $27,000.00, went $17,000.00 to appellant Wise and $10,000.00 to John Western. Shortly thereafter, Dr. Pena visited the property and soon discovered several discrepancies between the schedule of income and expenses and the actual income being produced by the property. Dr. Pena found out that the rents and income as represented were not true. Dr. Pena then complained to Wise about the discrepancies. About two weeks after the original agreement had been executed, an addendum to the lease-purchase agreement was executed between Dr. Pena, the buyer, and Haywood, the seller. Neither appellant Wise nor Mr. Western were parties to the addendum agreement. This addendum agreement provided that Haywood would supplement any deficiencies in rental income for nine months and would repay the $87,000.00 down payment if Pena did not exercise his option to purchase within 24 months. However, Haywood defaulted and no supplemental payments were made. On January 29, 1974, this suit was filed.

Pena's suit sought to rescind the agreement for fraudulent misrepresentations, and to have his $87,000.00 returned. In the

alternative, Pena sought to recover actual and exemplary damages under § 27.01 of the Business and Commerce Code from Wise and Western, plus the amount guaranteed by Haywood in the addendum agreement and a warranty deed on the property from Haywood.

Based on these pleadings, the jury made the following findings:

1) That Wise and Western made a false representation to Pena of the lease-purchase price of the property.

2) That Wise and Western made a false representation to Pena as to the income from the Hotel prior to execution of the lease-purchase agreement.

3) That these representations were made by Wise and Western to induce Pena to enter into the lease-purchase agreement.

4) That Pena relied on these representations.

5) That the representations were willfully made by Wise and Western to Pena.

6) That Pena did not know the income from the Hotel prior to execution of the lease-purchase agreement.

7) That Wise did not knowingly benefit financially from the false representations by Western of the lease-purchase price or the false representation by Western as to the income of the Hotel.

8) That Western did knowingly benefit financially from the false representations by Wise as to the lease-purchase price and the income of the Hotel.

9) That Haywood owed Pena $10,000 as provided in the addendum agreement.

10) That the difference between the value of the property as represented to Pena and its actual value was $27,000.

11) That Pena was entitled to $8,000 exemplary damages.

Appellant does not attack the findings of the jury concerning the fraud or the amount of the damages. Appellant in his points of error one and two does complain that the trial court erred in overruling his motion for summary judgment and his motion for judgment non obstante veredicto predicated on the theory of ratification and waiver by Dr. Pena. The appellant did not, however, request or obtain any special issues on ratification and waiver. He did not file a motion for new trial, therefore, the only posture in which those two points of error can be considered are as law questions.

■ A party whose motion for judgment non obstante veredicto is denied may forego the filing of a motion for new trial and predicate his points of error on appeal on the matters included in such motion. *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960). However, errors of the trial court in refusing to render judgment non obstante veredicto raise only no evidence questions for appellate review. *McDonald v. New York Central Mutual Fire Insurance Company,* 380 S.W.2d 545 (Tex.Sup.1964); *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194 (1952); *Shelton v. Ector,* 364 S.W.2d 425 (Tex.Civ.App.—Dallas 1963, no writ).

■ The first question that we must decide is whether or not the evidence demonstrates that, as a matter of law, Pena ratified the fraudulent acts of Wise. Ratification is the adoption or confirmation by a person with knowledge of all material facts of a prior act which did not then legally bind him and which he had the right to repudiate. *Kunkel v. Kunkel,* 515 S.W.2d 941 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.). Ratification occurs when one, induced by fraud to enter into a contract, continues to accept benefits under the contract after he becomes aware of the fraud or if he conducts himself in such a manner as to recognize the contract as binding. *Daniel v. Goesl,* 161 Tex. 490, 341 S.W.2d 892 (1960); *Rosenbaum v. Texas Bldg. & Mortg. Co.,* 140 Tex. 325, 167 S.W.2d 506 (Tex.Com.App.1943, opinion adopted); *Payne v. Baldock,* 287 S.W.2d 507 (Tex.Civ. App.—Eastland 1956, writ ref'd n. r. e.). Ratification can also occur where the defrauded party, after he becomes aware of the fraud, enters into a new agreement by which the rights of the parties are adjusted. *Fox v. Miller,* 198 S.W.2d 776 (Tex.Civ.App.

—San Antonio 1946, writ ref'd n. r. e.); *Risley v. McAdams,* 108 S.W.2d 443 (Tex. Civ.App.—Amarillo 1937, no writ); *Minneapolis-Moline Power Implement Co. v. Gatzki,* 57 S.W.2d 593 (Tex.Civ.App.—Eastland 1933, no writ). Once a contract has been ratified by the defrauded party or a new agreement adjusting the original fraudulent acts has been consummated, the defrauded party waives any right of recession or damages. See *Shaddock v. Grapette,* 259 S.W.2d 231 (Tex.Civ.App.—Waco 1953, no writ); *Fox v. Miller,* supra; *Risley v. McAdams,* supra.

■ Unquestionably, the key element which must be proven to establish ratification and waiver of the fraudulent conduct is that the ratifying party had full knowledge of the fraudulent acts at the time he ratified these acts. *Most Worshipful Grand Lodge Free & Accepted Masons of Texas v. Hayes,* 82 S.W.2d 411 (Tex.Civ.App.—Dallas 1935, no writ). See also *Rourke v. Garza,* 530 S.W.2d 794 (Tex.Sup.1975); *Viracola v. Dallas International Bank,* 508 S.W.2d 472 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.); *Norman v. Safway Products, Inc.,* 404 S.W.2d 69 (Tex.Civ.App.—Dallas 1966, no writ); *Risley v. McAdams,* supra; *Woods v. Fisher,* 106 S.W.2d 774 (Tex.Civ.App.—Texarkana 1937, no writ); *Green v. Hopper,* 278 S.W. 286 (Tex.Civ.App.—Eastland 1925, no writ).

■ The question of ratification of a contract is usually a mixed question of law and fact. *Briggs v. Briggs,* 337 S.W.2d 753 (Tex.Civ.App.—Amarillo 1960) rev'd on other grounds, 162 Tex. 177, 346 S.W.2d 106. If the evidence of ratification is uncontroverted or uncontrovertable, then the question of ratification could be determined as a matter of law. *Rosenbaum v. Texas Bldg. & Mortg. Co.,* supra; *Powell v. Rockow,* 127 Tex. 209, 92 S.W.2d 437 (Tex.Com.App.1936, opinion adopted); *Gaston v. Copeland,* 335 S.W.2d 406 (Tex.Civ.App.—Amarillo 1960, writ ref'd n. r. e.). However, when the act or acts of ratification are not uncontroverted, the question of ratification becomes one for the trier of facts. *Missouri Pac. Ry. Co. v. Brazil,* 72 Tex. 233, 10 S.W. 403 (1888);

*Indemnity Ins. Co. of North America v. Sterling,* 51 S.W.2d 788 (Tex.Civ.App.—Beaumont 1932, writ dism'd).

■ In his argument under his first two points of error Wise suggests five acts of ratification by Pena. These acts are that: 1) Dr. Pena made payments to the bank on the note which was executed to finance the $87,000.00 down payment; 2) Dr. Pena continued to make interest payments on the S.B.A. loan; 3) Dr. Pena signed the addendum agreement with Haywood; 4) Dr. Pena took a tax depreciation on the property involved; and 5) finally Dr. Pena agreed to list the property for sale. We hold that none of these alleged acts of ratification would constitute ratification as a matter of law even if they were uncontroverted. The judgment and the answers to the special issues reflect that the fraud for which the judgment awarded Pena his recovery was the action of Wise and Western in adding $27,000.00 to the down payment. The record is conflicting over exactly when Pena became aware that Wise and Western had added the $27,000.00 to the down payment. Dr. Pena testified he did not learn of this portion of the fraud until after the suit was filed. In any event, the evidence is clearly insufficient to establish this fact as a matter of law. The appellant should have requested and submitted issues to the jury on his defensive theories of ratification. Then and only then could this Court weigh the sufficiency of the evidence on such issues. Appellant's points of error 1 and 2 are overruled.

■ In his last paragraph under his second point of error, the appellant attempts to bring before this Court the alleged error of the trial court in granting Pena both specific performance and damages. This point was not specifically raised in Wise's motion for judgment non obstante veredicto. It, therefore, can not now be considered by this Court. Apart from this fact, appellant Wise could not raise this point on appeal even if it were properly perfected. It was not inconsistent that Dr. Pena could be entitled to recover moneys from Haywood for breach of the terms of

the agreement he entered into with Haywood and for title to the property. This recovery is not related to the recovery against Wise who was found guilty of fraud in inducing Pena to enter into the original agreement. It must be remembered that Haywood did not appeal from the trial court's judgment. One may not complain of errors in a judgment which does not affect him injuriously or which merely affects the rights of others. The right of an appeal rests only in an aggrieved party to a lawsuit. *McFarling v. Lampham,* 489 S.W.2d 435 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). See also *Chandler v. Chandler,* 536 S.W.2d 260 (Tex.Civ.App.— Corpus Christi 1976, writ dism'd).

 In his third point of error Wise complains that the trial court erred in granting Pena recovery under § 27.01 of the Business & Commerce Code because that statute is not applicable where the contract to convey real property is executory. This point of error must be overruled for two reasons: 1) because appellant failed to properly perfect the error; and 2) Section 27.01 is applicable anyway because the contract between the parties had been fully executed by Pena. The only perfection step taken by the appellant was the filing of a motion for judgment non obstante veredicto. The appellant did not file a motion for new trial. The trial court denied appellant's motion for judgment non obstante veredicto. A party whose motion for judgment non obstante veredicto is denied may forego the filing of a motion for new trial and predicate his points of error on appeal on the specific matter set out in such motion. *Wagner v. Foster,* 161 Tex. 333, 341 S.W.2d 887 (1960). The question here is whether or not the matter set out in appellant's point of error is also contained in appellant's motion for judgment non obstante veredicto. The point of error states:

"The trial court erred in overruling Defendant's Motion for Judgment Non Obstante Veredicto predicated on case law to the effect that Article 27.01 is not applicable where there has not been a conveyance of real property, but merely a contract to convey."

Section 27.01, Fraud in Real Estate and Stock Transaction, Section a, states in part as follows:

(a) Fraud in a transaction involving real estate . . . consists of a (1) false representation of a . . . existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract; . . . "

The only complaint made in appellant's motion for judgment non obstante veredicto that could possibly relate to Section 27.01 above, is to the effect that Pena could not recover damages for fraud against him because Pena was bound by the addendum agreement and Wise was not a party to that agreement. This point of error cannot be considered here because Wise failed to apprise the trial judge of the error which he now complains of. Even if it were sustainable, the appellant should have given the trial court an opportunity to correct the alleged error prior to a review by this Court. See *Miller v. Gahagan,* 316 S.W.2d 160 (Tex.Civ.App.—Fort Worth 1958, no writ); *Miller v. Long-Bell Lumber Co.,* 217 S.W.2d 867 (Tex.Civ.App.—Amarillo 1949) aff'd 148 Tex. 160, 222 S.W.2d 244 (1949); *Daniel v. Fry,* 195 S.W.2d 155 (Tex.Civ.App. —San Antonio 1946, writ ref'd n. r. e.). Since Wise failed to perfect this point of error, the point must be overruled. See *National Moving and Storage, Inc. v. Vargo,* 501 S.W.2d 452 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.); *Robertson v. Alberty,* 499 S.W.2d 361 (Tex.Civ.App.— Amarillo 1973, no writ); *Trevillian v. Albert,* 469 S.W.2d 617 (Tex.Civ.App.—San Antonio 1971, no writ); *Bank of Services & Trusts v. Whitnack,* 468 S.W.2d 179 (Tex. Civ.App.—Dallas 1971, writ ref'd n. r. e.); *Pickett v. Biggs,* 307 S.W.2d 817 (Tex.Civ. App.—Amarillo 1957, writ dism'd).

Second: Section 27.01 which permits actual as well as exemplary damages for fraud involving real estate has been held to be applicable to executed contracts only.

*Stanfield v. O'Boyle,* 462 S.W.2d 270 (Tex. Sup.1971); *Campbell v. Wilson,* 238 S.W. 318 (Tex.Civ.App.—Fort Worth 1921, no writ). Appellant Wise argues that since there was no actual sale or purchase of the real estate and since the transaction had not been fully completed, Pena is not entitled to damages under Section 27.01. In the *Stanfield* case, O'Boyle promised to convey to Stanfield real estate of a value of $50,000.00 if Stanfield would release certain corporate stock held as security. Stanfield released the corporate stock but O'Boyle did not convey the realty as agreed. Stanfield sued O'Boyle for damages for breach of the contract to convey the real estate. The Supreme Court held in effect that Article 4004 (now Section 27.01) was not applicable to a situation where there is merely a contract to convey realty. The *Stanfield* case and others of similar import are not applicable to the case before us.

If a contract is totally executory at the time the fraud is discovered, the defrauded party cannot affirm the contract and also sue for damages. This would amount to condoning the fraud. Here, Pena had completed the contract, parted with $87,000.00 as down payment, and had assumed possession and control of the property prior to the time that the fraud was discovered. Although the contract was called a "lease-purchase" type of arrangement, it was fully executed and the fraud had been consummated by Wise and the other defendants. Under such facts, Dr. Pena was entitled to a recovery under Section 27.01. "Fraud in Real Estate . . . Transactions."

In his final point of error, Wise complains of the action of the trial court in granting Pena's motion in limine which prevented Wise from offering evidence before the jury of a proposed settlement agreement between Pena and Haywood. The letter in question was tendered by Wise for the purpose of attempting to show a subsequent act of ratification by Pena. Counsel for Wise argued diligently to have the letter admitted into evidence. However, upon rejection, he failed to make a bill of exception. Although the specific letter in question is present in the record as Exhibit B to Wise's motion for summary judgment, we cannot consider summary judgment evidence as a substitute for a bill of exceptions. An appellate court in determining whether certain evidence was properly offered or excluded is confined to a bill of exception and the statement of facts. See *Brandon v. Anderson,* 30 S.W.2d 676 (Tex. Civ.App.—Dallas 1930) aff'd, 121 Tex. 188, 47 S.W.2d 261 (1932). Since Wise made no bill of exception, we cannot now consider this evidence. We also pause to note again that Wise did not file a motion for new trial in the lower court. See Rule 324, T.R.C.P. Excluded evidence must not only be preserved by a bill of exception, there must be an assignment of error in a motion for new trial. *Phagan v. State,* 509 S.W.2d 703 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.), cert. denied, 421 U.S. 995, 95 S.Ct. 2391, 44 L.Ed.2d 663. Points of error complaining of rulings of a court admitting or excluding evidence will be overruled when not based on a specific assignment of error in a motion for new trial. *Goldring v. Goldring,* 523 S.W.2d 749 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.); *Prewitt v. Liberty Mutual Insurance Company,* 461 S.W.2d 522 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.). Even if the letter in question had been admitted and was admissible, it could only have raised a fact issue. The sufficiency of the evidence is not before us on this appeal. Rule 434, T.R.C.P. Appellant's point of error number 4 is overruled. The judgment of the trial court is AFFIRMED.

AFFIRMED.