# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2014

Lyle W. Cayce
Clerk

No. 13-40456

TOBY SHOR; SEASHORE INVESTMENTS MANAGEMENT TRUST,

Plaintiffs - Appellees

v.

THE ZEPHYRUS CORPORATION

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 2:11-CV-329

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Zephyrus Corporation ("Zephyrus") appeals an adverse judgment entered on a jury verdict in a case where plaintiffs Toby Shor and Seashore Investments Management Trust ("Plaintiffs") sought to impress a constructive trust on a boat titled in Zephyrus. Plaintiffs alleged that Paul Black had created Zephyrus (owned by Black's father) and used funds fraudulently procured from Seashore Investments Management Trust to purchase the boat.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40456

The jury agreed, and a judgment was entered in Plaintiffs' favor essentially awarding title to the boat to Plaintiffs. Zephyrus timely appealed.

We have carefully considered the pertinent portions of the record in light of the parties' arguments presented in their brief and at oral argument. We conclude as follows:

1. The jury was not erroneously charged, and the jury's verdict is supported by sufficient evidence. *See Flournoy v. Wilz*, 201 S.W.3d 833, 836–37 (Tex. App.—Waco 2006), *review granted, judgment rev'd on other grounds*, 228 S.W.3d 674 (Tex. 2007).

2. Zephyrus's standing challenge that Shor did not have authority to bring the bankruptcy trustee's claims against Zephyrus, even if correct, would not change the outcome of the case and, therefore, would be harmless error. *See Anchor Cas. Co. v. McGowan*, 168 F.2d 323, 325–26 (5th Cir. 1948). Because the jury separately found that Black had breached his fiduciary duty to Shor in her role as trustee of Seashore Investments Management Trust, any error does not affect the final judgment and is harmless.

3. Zephyrus's argument, made for the first time on appeal, that Shor ratified Black's tortious conduct by entering into a restructure agreement, is waived for failing to plead it as an affirmative defense in the district court and obtain a jury finding on it. *See Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983). Even if not waived, it is not supported by any evidence showing that Shor was aware of Black's fraud at the time she entered into the restructure agreement. *See Wise v. Pena*, 552 S.W.2d 196, 200 (Tex. Civ. App.—Corpus Christi 1977, no writ) ("Unquestionably, the key element which must be proven to establish ratification and waiver of the

2

No. 13-40456

fraudulent conduct is that the ratifying party had full knowledge of the fraudulent acts at the time he ratified these acts.").

AFFIRMED.