Dale COLVIN, Appellant,

v.

R. L. ALLSWORTH et al., Appellees.

No. 17949.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 1, 1981.

Rehearing Denied Oct. 15, 1981.

William R. Powell, Houston, for appellant.

O. Otis Bakke, Houston, for appellees.

Before WARREN, EVANS and DOYLE, JJ.

WARREN, Justice.

This is an appeal from a judgment awarding appellees damages against appellant for fraud in misrepresenting the financial condition of a corporation in which appellees invested.

In 1974, appellant was a major stockholder in A.M.S. Airways, Inc., (A.M.S.) which was engaged in the transportation of freight by air. In the latter part of 1974, appellee Frank Miller visited appellant in Houston and during this visit appellant indicated that some of the stock of A.M.S. could be bought and that the investment opportunities were promising. Miller and appellant had previously served together as associate ministers of the Baptist Temple Church in Houston and Miller had moved to Corpus Christi where he was a minister in a Baptist Church. Miller stated that he knew some people in Corpus Christi who might be interested in investing in the corporation. He contacted the people and as a result, a meeting was held in the home of appellee F. L. Hayhurst, in Corpus Christi, on January 20, 1975.

Appellees Frank Miller, F. L. Hayhurst, Murray Yeakley, and J. C. Mitchell attended the meeting. Appellant also attended the meeting with Roger Baur, a sales representative for A.M.S. At this meeting appellant and Baur made oral presentations telling of the company's operations, its contracts with customers and of its general financial condition. The appellees were also furnished a written statement which included a sketch of the background and experience of the persons operating the company, figures on the operating income and expenses and figures showing the company's assets and liabilities. (The written statement will hereinafter be called Exhibit One.)

A similar meeting was held at Hobby Airport in Houston on January 28, at which

appellees Allsworth and Smith met with appellant. They were furnished with copies of Exhibit One and heard an oral presentation similar to the one appellant made in Corpus Christi. As a result of these two meetings appellees purchased various amounts of stock in A.M.S. In March, appellees learned that the company was in financial difficulty and they requested an audit. The audit, which was furnished to appellees on March 28, showed that the company was in poor financial condition and that the contracts which the company was supposed to have were non-existent. A.M.S. went out of business and the appellees lost the amounts invested in A.M.S. stock.

Appellees' suit alleged that they were induced to purchase the stock by the misrepresentations of appellant regarding the financial condition of the company and of its customer contracts.

The jury found that: (1) appellant made false representations of fact regarding the financial status of A.M.S., (2) appellees relied on these representations in purchasing the stock, (3) appellant knew that the representations made by him were false, (4) such representations were made as a fact and not as a mere opinion, to induce appellees to buy the stock, and (5) but for the representations and their reliance thereon, appellees would not have purchased the stock. Each appellee was awarded the amount of his original investment except in one instance which will be discussed later. The jury also found in answer to special issue no. 8, that the losses suffered by appellees were caused in whole or in part by appellees' lack of ordinary care in the entire transaction.

Appellant's first contention is that the jury's findings in special issue no. 8 (that the loss was caused by appellees' failure to exercise ordinary care) precludes recovery by appellees; also, that the trial court erred in disregarding the jury's answer to that issue.

A similar contention was made in *Isenhower v. Bell*, 365 S.W.2d 354 (Tex.1963). The Texas Supreme Court held that where one has been induced to enter into a contract by fraudulent misrepresentations, the person committing the fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have discovered the truth by the exercise of ordinary care. In *City of Houston v. Howe and Wise*, 373 S.W.2d 781 (Tex.Civ.App.—Houston [1st Dist.] 1963, writ ref'd n. r. e.), this court, speaking through Chief Justice Coleman, answering a contention similar to the one made by appellant herein, said the following:

It is not the rule that a person injured by the fraudulent and false representations of another is held to the exercise of diligence to suspect and discover the falsity of such statements. In the absence of knowledge to the contrary, he would have a right to rely and act upon such statements, and certainly the wrongdoer in such a case cannot be heard to complain that the other should have disbelieved his solemn statements.

Appellant relies on *Courseview v. Phillips Petroleum Company*, 158 Tex. 397, 312 S.W.2d 197 (1957) and *Thigpen v. Locke*, 363 S.W.2d 247 (Tex.1962), both of which contain language to the effect that in a transaction not involving a confidential relationship, the defrauded party is charged with the knowledge of all facts which could have been discovered by the exercise of ordinary diligence. Neither case is controlling in a fact situation such as the one presented in our case. *Courseview* merely stated the long standing rule that in a fraud case the defrauded party must exercise due diligence to discover fraud and limitations will run from the time the fraud should have been discovered in the exercise of due diligence. In *Thigpen* the court applied the language to point out that in absence of a confidential relationship or other special circumstances, one is obligated to read what he signs and may not avoid the consequences of what he was signing on the ground that he did not know what he was signing.

In our case the question is whether a seller may avoid the consequences of his misrepresentations by proving that the buy-

ers could have, in the exercise of due diligence, discovered the falsity of his representations. The answer is no.

Since the issue was immaterial, the trial court properly granted appellees' the motion to disregard it.

 Appellant next contends that there was insufficient evidence to support the jury's findings that but for the false representations, and their reliance thereon, appellees would not have purchased stock in A.M.S. This point of error is sustained as to Frank Miller and Laura Yeakley. There is no testimony in the record that either relied on the false representations of appellant. As to the remaining appellees, this point of error is overruled. Appellees Hayhurst, Mitchell and Smith testified explicitly that they relied on appellant's false representations. Appellee Allsworth testified that he was furnished a copy of the company's financial statement at the meeting on January 28, and that he understood the company had contracts to haul airborne freight for responsible companies; that it looked like it was going to be a good, viable operation; and, "From reading the information (Exhibit One) it looked good". Yeakley testified that he was present at the meeting on January 20 and received a copy of Exhibit One and that if he had known the information in Exhibit One was false he would have never invested. The jury could properly conclude from the testimony of Allsworth and Yeakley that each relied on the false representations made by appellant.

Appellant's remaining point of error complains that the award of $4,000 to Allsworth is against the great weight and preponderance of the evidence. This point is sustained. The only evidence adduced shows that Allsworth invested $2,000. The judgment will be reformed accordingly.

The judgment in favor of F. L. Hayhurst, Murray Yeakley, J. C. Mitchell and Ormande Smith is in all things affirmed; the judgment in favor of R. L. Allsworth is reduced from $4,000 to $2,000; the judgment in favor of Frank Miller and Laura

Yeakley is reversed and judgment is rendered that they shall take nothing.

Costs are taxed against appellant.