**SOUTHEASTERN FINANCIAL CORP., Plaintiff-Counter-Defendant-Appellee,**

v.

**UNITED MERCHANTS & MANUFAC- TURERS, INC., et al., Defendants- Counter-Plaintiffs-Appellants,**

v.

**ALLCO INDUSTRIES, INC., et al., Defendants-Appellees.**

No. 82–1054.

United States Court of Appeals, Fifth Circuit.

April 1, 1983.

Rex Henger, Arthur S. Goldberg, Dallas, Tex., for defendants-counter-plaintiffs-appellants.

Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, A.L. Vickers, Dallas, Tex., for Southeastern Financial Corp.

Before WISDOM, RUBIN and TATE, Circuit Judges.

PER CURIAM:

■ The district court found that United Merchants and Manufacturers' subsidiary, United Factors, Inc., defrauded Southeastern Financial Corporation. It, therefore, awarded Southeastern damages and rescission of the contract between the two companies. On appeal, United Merchants claims the district court made twenty-three clearly erroneous findings of fact and committed several legal errors. We are unable to find any one of these multitudinous volleys on target, and, therefore, affirm.

Having reviewed the record, we do not have a "definite and firm impression that a mistake has been made," on any of the findings of fact. See United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948); Adams v. McDougal, 695 F.2d 104, 106 (5th Cir.1983). The clearly erroneous rule, therefore, mandates affirmance of the district court's fact findings. See Fed.R.Civ.P. 52(a); Pullman-Standard v. Swint, 456 U.S. 273, 288, 102 S.Ct. 1781, 1790, 72 L.Ed.2d 66, 82 (1982); Sierra Club v. Sigler, 695 F.2d 957, 967 (5th Cir.1983); Adams, 695 F.2d at 106.

■ United Merchants' principal legal argument is that it had no duty of disclosure to Southeastern. The claim is without merit. The district court found the statements made by United Factors "incomplete and deceptive." Under Texas law, "a duty to speak may arise from partial disclosure, the [speaker] being under a duty to tell the whole truth although he was required to say nothing, for one may convey a false impression by the disclosure of some facts and the concealment of others." International Security Life Insurance Co. v. Finck,

475 S.W.2d 363, 370 (Tex.Civ.App.1971), aff'd in part, rev'd in part on other grounds, 496 S.W.2d 544 (Tex.1973); accord American Empire Life Assurance Co., 344 S.W.2d 513, 518 (Tex.Civ.App.1961); Chandler v. Butler, 284 S.W.2d 388 (Tex.Civ.App.1955); Blanton v. Sherman Compress Co., 256 S.W.2d 884, 887 (Tex.Civ.App.1953); 25 Tex.Jur.2d Fraud and Deceit § 60 (1961). United Factors had a duty to disclose the information necessary to prevent the statements it did make from misleading Southeastern.[1]

■ United Merchants makes several arguments based on Southeastern's alleged failure to investigate adequately. Under Texas law, however, "[w]here one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have discovered the truth by the exercise of proper care." Isenhower v. Bell, 365 S.W.2d 354, 357 (Tex.1963); accord Colvin v. Allsworth, 627 S.W.2d 430, 431 (Tex.Ct.App.1981).

■ The record does not indicate that Southeastern "continue[d] to accept benefits under the contract after [it became] aware of the fraud, or ... conduct[ed] itself] in such a manner as to recognize the contract as binding." Sawyer v. Pierce, 580 S.W.2d 117, 122–23 (Tex.Civ.App.1979). Southeastern, therefore, did not waive its right to seek rescission of the contract. See First Texas Savings Association v. Dicker Center, Inc., 631 S.W.2d 179, 186 (Tex.App. 1982); Bodovsky v. Texoma National Bank, 584 S.W.2d 868, 873 (Tex.Civ.App.1979); Sawyer, 580 S.W.2d at 122; Wise v. Pena, 552 S.W.2d 196, 199 (Tex.Civ.App.1977).

United Merchants' remaining arguments are simply restatements of their claim that the district court's findings were clearly erroneous. As discussed above, we cannot agree. For these reasons, the judgment is AFFIRMED.

1. Because we find that there was a duty to disclose for these reasons, it is unnecessary to address Southeastern's alternative contentions that United Factors had a duty to disclose based on the surety relationship between the two companies or based on United Factors' superior knowledge of the facts in question.