FIRST CITY BANK OF
RICHARDSON, Appellant,

v.

GLOBAL AUCTIONEERS, INC. and
Joe B. Bailey, Appellees.

No. 9373.

Court of Appeals of Texas,
Texarkana.

Feb. 11, 1986.

Rehearing Denied March 11, 1986.

**14**

R. Michael Farquhar, Johnson & Cravens, Dallas, for appellant.

H. Deloyd Bailey, Wichita Falls, for appellees.

BLEIL, Justice.

First City Bank of Richardson appeals the trial court's judgment in a suit on two promissory notes. First City complains of the sufficiency of the evidence to support the jury's finding on the amount due on the notes, the trial court's refusal to award it attorney's fees as called for in the notes, the exclusion of certain evidence, the effect of one of the jury findings on the judgment, and the submission of certain issues to the jury. In a cross-point, Global Auctioneers, Inc. and Joe Bailey, defendants in the suit on the promissory notes and cross-plaintiffs in a cross-action against First City, complain of the trial court's failure to award them the exemplary damages found by the jury.

Global had several accounts with First City. On August 21, 1981, First City transferred $300,000.00 from one of the Global accounts to the overdrawn accounts of another business without authorization. On August 24, First City transferred another $200,000.00 from one of the Global accounts, again without authorization. On August 25, the president of Global and owner of half of its stock, Joe Bailey, was informed of the $300,000.00 transfer. He went to First City to protest the unauthorized transfer and was told that it was too late to reverse the transfer. Bailey was then informed that the additional $200,-000.00 was in the process of being transferred out of one of Global's accounts. When he asked that that transfer be stopped, he was referred to Walter Smith, a senior executive vice-president for First City.

Bailey protested to Smith about the unauthorized transfers. Smith suggested Bailey speak with Paul Davis, who owned the other half of Global's stock and all of the stock in the various business entities to which the funds transferred from Global's account had gone. Smith called Davis on the phone and spoke to him out of Bailey's hearing. Bailey then spoke to Davis on the phone. Davis told Bailey that if he would allow the transfer of the additional $200,-000.00 to the Davis companies, he would return the money within a week. Bailey, after asking Davis to hold the phone a moment, asked Smith specifically what Smith thought Bailey should do. Smith responded that Davis was financially sound, that Bailey had nothing to worry about and that Davis would return the entire $500,000.00 within seven days. Smith did not mention the serious financial difficulties of the Davis entities. Bailey then agreed to the transfer of the additional $200,000.00. The $500,000.00 was never returned.

On September 1, 1981, Bailey, in his capacity as president of Global, executed a promissory note to First City in the amount of $369,104.16. On September 15, 1981, Bailey, again in his capacity as president of Global, executed a promissory note to First City in the original principal amount of $165,000.00. These are the two notes that are the subject of this suit.

First City filed this suit to recover the amount due and owing on the notes. Global in its answer and counterclaim alleged the affirmative defenses of duress, estoppel, fraud by First City, unconscionable action or course of action by First City, deceit and misrepresentation by First City, conversion, and conspiracy between First City, Davis, and another person. Global alleged as counterclaims a breach of the bank's fiduciary duty; a breach of the bank's obligations of good faith and fair dealing; conversion; fraud; deceit; misrepresentation; conspiracy; a breach of the bank's implied warranty of good faith, fair dealing and performance; and unconscionable action and course of action. Global

sought actual and punitive damages against First City.

The jury found that the total amount due to First City by Global on the notes was $435,000.00, that First City transferred $300,000.00 from Global's account without authority, and that Smith made a false representation to Global with the intent of inducing Global to transfer $200,000.00 to Davis. The jury also found that Global could have discovered the falsity of the representation made by Smith by its own reasonable investigation. The jury found that Smith knew that the representations he made were false and the representations were made with a purported special knowledge as to facts that would occur or exist in the future, but that the false representations were not made with malice. The jury then found that the unauthorized transfer of Global's funds caused Global $300,000.00 damages and that the false representation of a material fact caused it $200,000.00 damages. The jury also found exemplary damages against First City in the amount of $125,000.00. The trial court entered judgment for Global and Bailey in the amount of $65,000.00. This apparently represented $300,000.00 damages for the unauthorized transfer, and $200,000.00 damages for the misrepresentation, offset against the $435,000.00 due First City on the notes.

First City contends that the trial court erred in refusing to admit part of a letter into evidence. David Nowell, a third party defendant, wrote the letter to First City setting out the persons authorized to make transactions concerning three groups of accounts representing three different business entities, one of which was Global. Global objected to the letter because during discovery it had specifically requested all written agreements by which funds could be transferred out of Global's accounts with First City, and First City had only mentioned signature cards and corporate resolutions in its answer. First City apparently learned about the letter only after the trial had started. The trial court allowed the letter to be introduced into evidence after the part concerning the Global accounts had been deleted, because this information concerning the Global accounts had been sought in discovery and was not produced, and its production now surprised the other party. The part of the letter concerning the Global accounts was properly preserved for review on appeal through a bill of exceptions.

■ A party who has responded to a request for discovery that was correct and complete when made is under no duty to supplement his response to include information thereafter acquired, except that the following must be supplemented not less than thirty days prior to the beginning of trial unless the court finds that a good cause exists for permitting or requiring later supplementation. A party is under a duty seasonably to supplement his response if he obtains information upon the basis of which he knows that the response was incorrect or incomplete when made or he knows that the response, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading. Tex.R.Civ.P. 166b(5)(a). A party who fails to supplement seasonably his response to a request for discovery in accordance with paragraph 5 of Rule 166b is not entitled to present evidence which the party was under a duty to provide in a supplemental response unless the trial court finds that good cause sufficient to require admission exists. Tex. R.Civ.P. 215(5). Because there were documents concerning the authority to transfer funds out of Global's accounts other than the signature cards and corporate resolutions mentioned by First City, First City's response to Global's discovery request was incorrect. First City did not seasonably supplement its response, and fails to show that the trial court abused its discretion by not finding that good cause existed for the failure to supplement and in excluding this evidence.

■ First City complains that the trial court erred in refusing to enter judgment for it in the amount of $601,948.65, the

amount that was due on the notes according to its witness, because the jury answer on the amount due on the notes was against the great weight and preponderance of the evidence. First City has failed to preserve this point for appeal. A point in a motion for new trial is a prerequisite to a complaint on appeal that a jury finding is against the overwhelming weight of the evidence or of the factual insufficiency of the evidence to support a jury finding. Tex.R.Civ.P. 324(b)(2), (3). While First City did make a motion for new trial, it did not include as a point in that motion that the jury answer on the amount due on the notes was against the great weight and preponderance of the evidence.

■ In addition, the jury finding on the amount due on the notes is not against the great weight and preponderance of the evidence. The question of whether the jury verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust requires the reviewing court to consider and weigh all the evidence in the case. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). While one witness did testify that the amount due on the notes was $601,948.65, there were other witnesses who testified concerning various payments made on the notes. The notes themselves were also in evidence. There is some evidence that supports the jury's answer on the amount due on the notes.

■ First City also argues that the trial court erred in awarding Global damages for fraud because the jury found that Global could have determined that the representations it relied on were false through reasonable investigation, and so Global, as a matter of law, was not entitled to recover these damages. A person committing fraud may not avoid the consequences of his misrepresentations by proving that the other party could have discovered the falsity of his representations through the exercise of reasonable diligence. *Isenhower v. Bell,* 365 S.W.2d 354 (Tex.1963); *Colvin v. Allsworth,* 627 S.W.2d 430 (Tex.App.—Houston [1st Dist.] 1981, no writ).

■ First City further maintains that the trial court erred in submitting any misrepresentation issues because no evidence of any misrepresentation of a material fact by First City was presented. The trial court may decline to submit a relevant issue only if there is no evidence to support it. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61 (Tex.1983). Evidence shows that an employee of First City made certain representations to the president of Global in order to induce the president of Global to agree to a transfer of funds from one of Global's accounts to the account of another business. Evidence also shows that the employee knew that the representations were false when he made them. Because there is some evidence on this issue, the trial court was required to submit the issue.

First City also maintains that the trial court erred in refusing to award it attorney's fees because the attorney's fees were a contractual obligation of Global based on a percentage of the amount found to be due and owing on the notes. The notes that are the subject of this suit provide for payment of ten percent of the full amount due on the note as attorney's fees, if the note is placed in the hands of an attorney for collection. The jury found that the amount due on the notes was $435,000.00. The trial court awarded $65,000.00 to Global, but that figure apparently resulted from the combination of the jury findings of $435,000.00 due on the note from Global to First City and the $500,000.00 actual damages awarded to Global against First City.

■ As between the legal owner and holder of a promissory note and those who are obligated to pay the note, the former is prima facie entitled to recover the attorney's fees stipulated therein upon the happening of the contingency which makes the note payable. In the absence of an issue affirmatively tendered by the defendant, it is not necessary for the plaintiff to prove an agreement to pay such fee to an attorney or that the fee is reasonable. The usual attorney's fee clause is, however, in the nature of a contract of indemnity and

cannot be regarded as providing for liquidated damages or a penalty. Upon a proper showing, the holder is limited to an amount which is reasonable under the circumstances, and may be denied any recovery when it appears that no expense has been incurred as a result of the maker's default. *F.R. Hernandez Construction & Supply Co. v. National Bank of Commerce,* 578 S.W.2d 675 (Tex.1979); *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948 (1960). There were no special issues submitted on the question of attorney's fees and Global did not attempt to show that the amount of attorney's fees called for in the notes was not a reasonable amount. Because $435,000.00 was found to be due and owing on the notes, First City is entitled to an amount equal to ten percent of $435,-000.00 as attorney's fees, regardless of Global's recovery against First City, which completely offset the amount due on the notes. Recovery of attorney's fees under the Deceptive Trade Practices Act, Tex. Bus. & Com.Code Ann. § 17.50 et seq. (Vernon Supp.1986), and Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon 1971)[1] is proper when prosecuting a just claim even if the amount of the claim is entirely offset by the opposing party's claim. *McKinley v. Drozd,* 685 S.W.2d 7 (Tex.1985).

Global complains in a cross-point that the trial court should have awarded it the exemplary damages found by the jury. The jury found that Walter Smith, a senior executive vice-president for First City, made false representations as to material facts to Global's president with the intent of inducing Global to agree to transfer its funds and that Global relied on these representations. The jury also found that the representations made by Smith were known by him to be false and were made with a purported special knowledge as to facts that would occur or exist in the future, but were not made recklessly without any knowledge of the truth or as a positive assertion. The jury further found that the false representations made by Smith were not made with malice. Also, Global was damaged by the false representation of material facts by First City to Global. The jury further found punitive damages.

The jury's findings amount to a determination that First City committed an act of fraud against Global. The elements of actionable fraud are: (1) that a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. *Trenholm v. Ratcliff,* 646 S.W.2d 927 (Tex.1983). The jury found each of the required elements of fraud.

Exemplary damages are recoverable for, and only for, such injuries as result from wrongs accompanied by some aggravating circumstances of malice, fraud or gross negligence. The mental factor required is variously described as malice, fraud, oppression, or recklessness, but regardless of the expression used to describe it, the purpose or intention of the defendant is determinative of his liability for exemplary damages. *Bennett v. Howard,* 141 Tex. 101, 170 S.W.2d 709 (Tex.1943). Even though the jury did not find malice on the part of Smith, fraud can sometimes, in and of itself, be the basis for awarding punitive damages, depending on the intent involved. Generally, exemplary damages may properly be awarded when the plaintiff has suffered actual damage as the result of fraud intentionally committed for the purpose of injuring him. A person who intentionally misrepresents facts for the purpose of injuring another is guilty of wanton and malicious conduct, and so comes within the rule requiring that the act be wanton and malicious in nature in order to award exemplary or punitive damages. *Dennis v. Dial Finance & Thrift Co.,* 401 S.W.2d 803 (Tex.1966). The jury found that Smith made the false representations *with the*

---

1. Repealed by Acts 1985, 69th Leg., p. 7218, ch. 959, § 9(1), and now included in Chapter 38,

Texas Civil Practice & Remedies Code (Vernon 1986).

*intent* of inducing Global to agree to the transfer, and the transfer was the act that injured Global. The intentional conduct of Smith comes within the rule allowing exemplary damages when one party has suffered actual damage as the result of fraud intentionally committed for the purpose of injuring him. A finding of intent to harm is sufficient for awarding exemplary damages. *Trenholm v. Ratcliff, supra.*

We modify the trial court's judgment to award Global the punitive damages of $125,000.00 as found by the jury, and to award First City attorney's fees of $43,-500.00, representing ten percent of the $435,000.00 found by the jury to be due on the notes. As thus modified, we affirm the judgment.